104 F.3d 350
 8 NDLR P 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Frederick JONES, Plaintiff-Appellant,
v.
NEW YORK CITY HOUSING AUTHORITY, Defendant-Appellee.
 No. 96-7203.
 United States Court of Appeals, Second Circuit.
 Sept. 24, 1996.
 
 Frederick Jones, pro se, Jamaica, NY. for appellant.
 Seth Ptasiewicz, Housing Authority Law Dept. City of New York, New York, NY. for appellee.
 Before MINER, ALTIMARI and PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued by counsel.
 Plaintiff-Appellant Frederick Jones appeals pro se from an order of the United States District Court for the Southern District of New York (Chin, J.) denying his motion for a preliminary injunction.
 
 
 1
 From December of 1985 through July of 1993, Jones was employed by the New York City Housing Authority ("Housing Authority") as a maintenance worker. Jones was responsible for making repairs throughout the Housing Authority developments. Because repairs were made on tenant apartments, Jones was in daily contact with both tenants and co-workers.
 
 
 2
 Throughout the course of his employment, co-workers reported that Jones was threatening and abusive toward his fellow employees. One particular incident, which prompted Housing Authority action, consisted of "three separate outbursts": Jones was insubordinate to a supervisor who had asked him to use a telephone in another area of the office; Jones told a personnel worker that he was going to return to the office "on Monday to make sure you never forget my face"; and Jones stated that, "if the manager doesn't stop fucking with me, I'm going to blow his fucking brains out." Following this outburst, Jones was directed to submit to a medical examination, pursuant to N.Y. Civ. Serv. § 72.
 
 
 3
 Jones was examined by Dr. Azariah Eshkenazi, who reported that Jones was insincere and evasive during the examination. Subsequently, Jones was notified by the Housing Authority that he was being placed on a one-year medical leave of absence. Jones requested a hearing before an Administrative Law Judge ("ALJ"), as permitted by § 72. The ALJ directed Jones to submit to a second medical evaluation. That evaluation resulted in a determination by Dr. Eshkenazi that Jones suffered from alcoholism and a possible "underlying psychiatric condition." The hearing reconvened, and the ALJ found Jones mentally unfit to work. Jones filed an appeal with the New York City Civil Service Commission, which affirmed the determination of the ALJ.
 
 
 4
 Jones then filed a pro se complaint in the district court, claiming that he had been placed on administrative leave of absence, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Jones also moved the district court for a preliminary injunction requiring the Housing Authority to reinstate him without a determination that he is fit to work. The district court denied Jones' motion, finding that he did not demonstrate a likelihood of success on the merits. This appeal followed.
 
 
 5
 On appeal, Jones argues that he was entitled to a preliminary injunction. We disagree. A party seeking a preliminary injunction "must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir.1991). We will not overturn the denial of a preliminary injunction absent an abuse of discretion. Chemical Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir.1994).
 
 
 6
 In this case, Jones shows neither a likelihood of success on the merits nor that the balance of hardships tips in his favor. Jones has little likelihood of success on the merits because he cannot establish a prima facie case of discrimination under the ADA. The ADA requires, inter alia, that the individual be "otherwise qualified to perform [his] job." Wernick v. Federal Reserve Bank, 91 F.3d 379, 383 (2d Cir.1996) (citations omitted). The record indicated that Jones had acted in a threatening manner, was insubordinate, and presented a "direct threat to the health or safety of other individuals," 42 U.S.C. § 12113(b). Therefore, the district court properly found that Jones was not otherwise qualified.
 
 
 7
 Furthermore, Jones does not present sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward him. Jones has failed to raise any serious questions going to the merits of the case because, as stated, supra, he has failed to establish a prima facie claim of discrimination. Moreover, because of the fearful atmosphere engendered by Jones, the district court properly found that the balance of hardships did not tip in his favor. Therefore, the district court properly exercised its discretion in denying Jones' motion for a preliminary injunction.